Fleischmann et al., Appellants, *v.* Medina Supply Co. et al., Appellees.

(No. 298—Decided June 1, 1960.)

*Messrs. Stewart & Simmons* and *Mr. Hollis P. Allan*, for appellants.

*Mr. Robert L. Johnson* and *Messrs. Squire, Sanders & Dempsey*, for appellee Medina Supply Company.

*Mr. H. Dennis Dannley*, prosecuting attorney, for appellee Board of Zoning Appeals.

Doyle, P. J.  The Board of Zoning Appeals of Brunswick Township, Medina County, entered an order under authority of

Section 519.13 *et seq.*, Revised Code, granting a zoning permit to the Medina Supply Company for the construction of a ready-mix concrete plant and builders' supply yard in a business and commercial (Class B) district of the township.

Appeal from the order was taken to the Court of Common Pleas by objecting residents of the area—Ruth W. Fleischmann and John Dinda.

Section 2505.03, Revised Code, and Chapter 2506, Revised Code, create the right to appeal, as these sections, when read together, provide for appeals to the courts from administrative agencies of all political subdivisions of state or local government.

The case came on for hearing in the Court of Common Pleas of Medina County, whereupon counsel for the appellants, by oral motion, asked that "the court require said appellees to furnish a transcript of the testimony and evidence offered and heard and taken into consideration by the said board in connection with its decision."

The same counsel further stated that:

"* * * it appearing from the record that no record of the examination made by the Board of Zoning Appeals has been made, and that, therefore, a transcript of any evidence or testimony has not been prepared by said board, at this time the appellants move that the court declare the proceedings of said board on the appeal of the Medina Supply Company to be null and void, as not complying with the statutes applicable thereto, and under its powers under Section 2506.04 of the Revised Code, we move that the court remand this proceeding to the said Zoning Board of Appeals for rehearing in accordance with the requirements of the law."

After consideration of the motion, the court entered the following judgment, from which this appeal is taken:

"This cause came on to be heard upon the motion of the appellants to declare null and void the proceedings of the Board of Zoning Appeals of Brunswick Township as not complying with the statutes applicable thereto and to remand the proceedings to said Board of Zoning Appeals for rehearing and arguments and briefs of the respective counsel, having been submitted and considered, on consideration whereof the court finds

that the said motion is not well taken and that the proceedings of the Board of Zoning Appeals of Brunswick Township are not null and void, and that this proceeding should not be remanded to said board for rehearing. It is therefore ordered, adjudged and decreed by the court that the motion of the appellants to declare null and void the proceedings of the Board of Zoning Appeals of Brunswick Township and to remand the proceedings to said board for rehearing be, and the same hereby is, denied."

To a motion made to this Court of Appeals by counsel acting respectively for the Medina Supply Company and the Board of Zoning Appeals, to dismiss the appeal "for the reason that the order denying the motion to remand is not an appealable final order," we now direct our attention.

The statutes which gave the right to appeal from the order of the Board of Zoning Appeals to the Court of Common Pleas are:

1. Section 2505.03, Revised Code:

"Every final order, judgment, or decree of a court and, where provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as provided in Sections 2505.04 to 2505.45, inclusive, of the Revised Code, unless otherwise provided by law, except that appeals from judgments of justices of the peace upon questions of law and fact shall be taken as provided in Sections 1921.01 and 1921.16, inclusive, of the Revised Code."

2. Section 2506.01, Revised Code:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the Common Pleas Court of the county in which the principal office of the political subdivision is located, as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by Sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in Sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance,

or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding."

By virtue of these and other statutes, the appeal to the Court of Common Pleas is on questions of law, even though provisions are made for additional evidence in the Court of Common Pleas.

When an appeal is taken from the orders of the administrative agency [the Board of Zoning Appeals in the instant case], the Code provides:

Section 2506.02, Revised Code:

"Within thirty days after filing the notice of appeal, the officer or body from which the appeal is taken shall, upon the filing of a precipe, prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony and evidence offered, heard and taken into consideration in issuing the order appealed from. The costs of such transcript shall be taxed as part of the costs of the appeal."

Complaint is here made, as heretofore noted, that the Board of Zoning Appeals failed and neglected to comply with this section of the Code, in that it did not prepare and file in the Court of Common Pleas a complete transcript of the "testimony and evidence offered, heard and taken into consideration in issuing the order appealed from."

Our examination of the record forwarded to the Court of Common Pleas from the Board of Zoning Appeals, pursuant to a precipe, reveals the fact that a complete transcript of the testimony and evidence was not prepared and filed as the statute requires. In fact, there appears only a scanty resume of the proceedings before the board, which falls far short of the statutory requirement.

This is the circumstance which prompted the request for a full transcript of the testimony and the evidence, and, in lieu thereof, a declaration that the proceedings before the Board of Appeals are void, and a remand of the proceedings to the Board of Zoning Appeals for rehearing.

We now explore the question of whether the Common

Pleas Court's refusal to grant the motion constitutes a final order, thereby giving this court jurisdiction to entertain the appeal.

A final order, in so far as applicable here, is defined by statute as:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding * * *." Section 2505.02, Revised Code.

The proceedings before the Board of Zoning Appeals, and the appeal of the order to the Common Pleas Court, fall within the legal boundaries of an "action," as distinguished from a "special proceeding."

In this observation, we distinguish the case of *In re Estate of Wyckoff*, 166 Ohio St., 354, 142 N. E. (2d), 660, 66 A. L. R. (2d), 653, cited by counsel in support of the claim of a "special proceeding."

Upon this premise, does the overruling of the motion by the Court of Common Pleas affect "a substantial right * * * which in effect determines the action and prevents a judgment?"

The answer to this question will be found in Sections 2506.03 and 2506.04, Revised Code. In providing for the hearing of the appeal in the Court of Common Pleas from the Board of Zoning Appeals, the Legislature ordered (Section 2506.03, Revised Code):

"The hearing of such appeal shall proceed as in the trial of a civil action but the court shall be confined to the transcript as filed pursuant to Section 2506.02 of the Revised Code unless it appears on the face of said transcript or by affidavit filed by the appellant that:

"(A) The transcript does not contain a report of all evidence admitted or proffered by the appellant.

"* * *

"(E) The officer or body failed to file with the transcript, conclusions of fact supporting the order, adjudication or decision appealed from; in which case, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call as if on cross-examination, any witness who previously gave testimony in opposition to such party."

Pursuant to the hearing, the court is then empowered (by Section 2506.04, Revised Code) to:

"* * * find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court. * * *"

When the Legislature ordered the appeal to proceed as in the trial of a civil action, it is obvious that the Legislature meant that, in default of the Board of Zoning Appeals in preparing and filing a complete transcript of the testimony and evidence offered in the hearing before it (Section 2506.02, Revised Code), the same evidence could be produced anew in the Court of Common Pleas; and, if the board failed to file with the transcript "conclusions of fact supporting the order * * * appealed from," additional evidence could be introduced by any party, and any party could call, as if on cross-examination, any witness who previously gave testimony against such party. Section 2506.03 (E), Revised Code.

In the transcript of the proceedings before the Board of Zoning Appeals, there are no "conclusions of fact supporting the order * * * appealed from" (Section 2506.03 [E], Revised Code); likewise, as heretofore stated, there does not appear a transcript of the testimony and the evidence "heard and taken into consideration in issuing the order" (Section 2506.02, Revised Code); nor does there appear "a report of all evidence admitted or proffered by the appellant" (Section 2506.03, Revised Code). It therefore appears that all of the testimony and evidence presented to the Board of Zoning Appeals, as well as additional evidence, may be introduced in the Court of Common Pleas—thus enabling the Court of Common Pleas to enter its judgment in compliance with Section 2506.04, Revised Code.

We conclude that the order of the Court of Common Pleas, in denying the motion, was not a final order, in that the order did not affect a substantial right which in effect determined the action and prevented a judgment.

It is further observed that the motion also seeks an order from the Court of Common Pleas which is beyond its jurisdiction. The statutes here under consideration provide for a proceeding, on appeal to the Court of Common Pleas, from final orders of an administrative agency. This appeal on questions of law is but a continuation of the administrative agency case into the Court of Common Pleas. Chapters 2505 and 2506, Revised Code. The appellate court (the Court of Common Pleas) is empowered to affirm, reverse, vacate or modify the order of the board from which the appeal is taken, and until the proceeding on appeal has been had and concluded in compliance with the Code, there is no order which the court can make, directed to the administrative agency. The court has no power under these circumstances to make orders in the case directed to the agency until the case had been heard on its merits in the Court of Common Pleas.

We find no jurisdiction in this court to entertain the appeal, because of the absence of a final order. The appeal will therefore be dismissed.

*Appeal dismissed.*

STEVENS and HUNSICKER, JJ., concur.