DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Jack Marsillo and Jack Ivan, have appealed from a judgment of the Summit County Court of Common Pleas that affirmed the decision of the Stow City Council denying Appellants' application for a building permit. This Court reverses.
 I {¶ 2} On October 10, 1991, Stow City Council passed Ordinance 1991-259, which accepted the final plat of the Wyoga Lake-Hampshire Road Subdivision. The plat contained Blocks "A" and "B." Neither Block was to be "subdivided, developed, or improved without future approval by Council, which approval may be withheld."
 {¶ 3} Subsequently, Appellants bought Blocks "A" and "B" at a sheriff's sale. In June of 2003, Appellants filed an application with the City of Stow seeking to divide Block "A" into two lots and construct a home on one of said lots. As part of Appellants' application, which was made to the Stow Planning Commission ("Planning Commission"), they submitted a Wetlands Study that found the construction plans would have negligible hydrological impact upon nearby wetlands and surrounding properties. The Stow City Engineer and Stow City Deputy Planning Director approved the plans and found the construction application acceptable.
 {¶ 4} The Planning Commission voted on Appellants' application and the vote resulted in a tie. Because a tie occurred the matter was referred to Stow City Council's Planning Committee ("the City Council"). The matter was discussed at several public meetings, with Appellants and the property's neighbors present. On September 11, 2003, the City Council rejected Appellants application. In its written "Conclusion of Fact and Supporting Order," the City Council explained that it rejected Appellants' application because: 1) there was insufficient evidence that it was generally safe; 2) there was insufficient evidence of the hydrological impact the proposed construction would have upon surrounding lands; 3) Appellants' plans did not comply with floodplain elevation specifications; and 4) the likelihood that Appellants' plan would cause flooding to surrounding landowners.
 {¶ 5} Specifically, the City Council found that Appellants "failed to take into consideration the hydrologic conditions surrounding the area." The City Council stated that the construction "would change and destroy the pattern of water run-off and drainage." The City Council also stated that the hydrologic pattern would be distorted which would "likely produce flooding and damage to the adjacent property. Such distortion in drainage would cause an unfair and unreasonable restriction to the adjacent property owners on the use and enjoyment of their land." The City Council also found that the property "does not conform to the basic floodplain elevation specifications."
 {¶ 6} Pursuant to R.C. 2506 et seq., Appellants appealed the City Council's decision to the Summit County Court of Common Pleas. The common pleas court affirmed the City Council's decision, stating:
"Appellant's fail to appreciate that the evidence in support of their application was insufficient to ally the City's ongoing concern for health, safety, and welfare of its citizen relative to the subject property and the City explained why. Furthermore, the conclusions of the City Engineer are not binding upon the City and Council, but rather simply advisory. In short, Appellants plans and studies in support simply could not overcome the reality of flooding to their property. Again, Appellants would have the body politic reject the known conditions of the subject property upon the ipsi dixit of experts hired by the Appellants opining the feasibility of their proposed plan. This Court cannot say that Council acted unlawfully, capriciously, irrationally, unreasonably, in denying their application given the reality of the subject property's circumstance: it lies in a floodplain." (sic.)
The common pleas court continued its decision finding:
"Appellants argue that its plan comported with applicable floodplain regulations and thus Council's conclusions were erroneous. This Court does not agree. Appellants plan proposes trucking in fill to accommodate said regulations. Even with that, Appellants own expert noted the chance of undercutting subgrade soil from groundwater. Furthermore the expert noted that groundwater level would change with time. Given all of the qualifications to its opinion, this Court cannot state that the City and Council acted unreasonably." (sic.)
 {¶ 7} Appellants have timely appealed the common pleas court's decision, asserting four assignments of error. For ease of analysis, we first address Appellants' second assignment of error.
 II Assignment of Error Number Two
"The trial court's judgment should be reversed because it is clear, as a matter of law, that it is not supported by a preponderance of reliable and probative evidence in the record."
 {¶ 8} In their second assignment of error, Appellants have argued that the common pleas court's decision is not supported by the evidence. Specifically, Appellants have argued that contrary to the common pleas court's judgment, the undisputed evidence in the record clearly establishes that they have satisfied the established floodplain criteria for the construction of a single-family home. Further, Appellants have asserted that there is no reliable or probative evidence in the record to substantiate the alleged hydrological concerns that were cited by the common pleas court. We agree.
 {¶ 9} Appellants' administrative appeal from the City Council's decision to the common pleas court was governed by R.C. 2506.01 et seq. See R.C. 2506.01. When reviewing a decision pursuant to R.C. 2506.04, the common pleas court:
"[C]onsiders the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. Youngstown Bd.of Zoning Appeals (2000), 90 Ohio St.3d 142, 147.
Pursuant to R.C. 2506.04, the common pleas court may "affirm, reverse, vacate, or modify the order * * * or remand the cause to the officer or body appealed from with instructions to enter an order * * * consistent with the findings or opinion of the court."
 {¶ 10} While the Appellants' appeal to this Court is also governed by R.C. 2506.01 et seq., "[t]he standard of review to be applied by [this Court] in an R.C. 2506.04 appeal is `more limited in scope.'" (Emphasis sic.) Henley, 90 Ohio St.3d at 147, citing Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. In Henley the Ohio Supreme Court explained its analysis of this Court's review procedure stating:
"[R.C. 2506.04] grants a more limited power to the court of appeals[,] * * * which does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Henley, 90 Ohio St.3d at 147. (Citations omitted).
 {¶ 11} Therefore, when reviewing a common pleas court's order which determined an appeal from an administrative agency, "[w]e must affirm the [trial court] unless that court's decision `is not supported by a preponderance of reliable, probative and substantial evidence.'" (Citations omitted.) Russell v. Pub. Health, Hous. Appeals Dept. (2001),142 Ohio App.3d 430, 432; See also, Copley Twp. Bd. of Trustees v.Lorenzetti (2001), 146 Ohio App.3d 450, 454. In making this determination, this Court applies an abuse of discretion standard.Lorenzetti, 146 Ohio App.3d at 454. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 12} The record before the trial court, and this Court, included minutes from several City Council meetings, including comments made by the Stow Deputy Planning Director, a letter from a wetland research group and a letter from the Stow City Engineer. Appellees have asserted that we cannot weigh the evidence and that the trial court and the City Council's decisions are based upon the proper standard of evidence. While we recognize that we do not "weigh" the evidence as the common pleas court does, we must ensure that evidence existed and determine whether the common pleas court abused its discretion.
 {¶ 13} A review of the evidence weighed by the common pleas court reveals that the Flickinger Wetland Services Group ("Wetland") study submitted by Appellants found that their construction plans would have negligible hydrological impact upon nearby wetlands and surrounding properties. Wetland made its determinations after visiting the property and assessing "the probability of impacts to the adjoining wetland area resulting from the construction of a single family resident on uplands adjacent to the wetland area." Wetland found:
"The placement of a small amount of fill upon an adjacent upland will have little if any impact hydrologic ally upon the wetland area. The total wetland water budget and hydrologic period will not be altered. * * * The fill does not result in the loss of any water. The water that is not absorbed by permeable areas of the fill, sheet flows across impermeable surfaces and is discharged onto permeable surfaces. Thus, no change occurs to the hydrologic budget and only an infinitely, small change occurs to the hydrologic period."
 {¶ 14} Also before the common pleas court was a letter dated July 17, 2003 from the Stow City Engineer ("Engineer"). The Engineer reviewed the proposed new home submitted by Appellants and found that it met both "the City's Building Code and the Federal Flood Insurance Regulations." He also found that "[t]he proposed grading plan would not adversely impact the drainage or any of the surrounding homes."
 {¶ 15} Minutes from the June 24, 2003, council meeting contain testimony from the Stow City Deputy Planning Director ("Director"). The Director reviewed Appellants' plans and determined that the house could be built without significant impact on the floodplain. He stated that "[o]ur position is that the impact of this individual house on the entire area is, is going to be minimal." The Director also reminded the City Council that Stow Code permits building a home on a floodplain as long as certain requirements are met, which had been done in this case.
 {¶ 16} The record also includes statements made during the council meetings from residents who currently live near Appellants' proposed home site and other council members. The neighbors and council members voiced concerns about the potential for flooding if the home was built. The neighbors also voiced concerns about the future of a path on Appellants' property that they currently use to access a park.
 {¶ 17} The common pleas court was also provided with an admission by the City Council that Appellants' plan complied with the floodplain requirements.
 {¶ 18} When reviewing zoning issues on appeal, "`legal matters are determined by facts, not by belief or desires.'" Lorenzetti,146 Ohio App.3d at 455, quoting Libis v. Bd. of Zoning Appeals (1972),33 Ohio App.2d 94, 100. Accordingly, the common pleas court's decision must be supported by facts.
 {¶ 19} We find that the record fails to indicate what factual basis the common pleas court had to support its decision to affirm the conclusion of the City Council. While we understand that the City Council has discretion in making its decisions, such discretion must be supported. Given the evidence in this record, we do not see how the court of common pleas found that the City Council's decision was supported by a preponderance of substantial, reliable, and probative evidence. Rather, the record reflects that the evidence before the common pleas court established that two city employees, the Engineer and the Director, approved Appellants' plans and found no cause for flooding or other hydrological concerns. Further, the Wetland study directly addressed the hydrological issues and determined that the construction would have little, if any, impact.
 {¶ 20} Based on the foregoing, we find that the decision of the common pleas court is not supported by a preponderance of reliable, probative, and substantial evidence. See R.C. 2506.04; See, also, Smith v. GranvilleTwp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 613. We also conclude that the common pleas court's decision was unreasonable and arbitrary. See State ex. rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469. Consequently, we find that the common pleas court abused its discretion when it affirmed the City Council's decision denying Appellants' application to build a single family home on a portion of Block A. Accordingly, Appellants' second assignment of error is well taken.
 Assignment of Error Number One
"The trial court's judgment should be reversed because it is based upon a legally erroneous interpretation of the city of stow's codified ordinances."
 Assignment of Error Number Three
"The trial court's judgment should be reversed because it failed to apply the proper standard of review."
 Assignment of Error Number Four
"The trial court erred as a matter of law in refusing to reverse the city council's decision based upon the fact that it improperly relied upon the property's owner's alleged knowledge of existing restrictions to deny a lawful and permitted use of the property."
 {¶ 21} In their remaining assignments of error, Appellants have argued that: 1) the trial court erred because it erroneously interpreted the ordinances relating to floodplains; 2) the trial court applied the wrong standard of review; and 3) the trial court erred in allowing the City Council's decision to stand based on assertions that Appellants knew or should have known the risks and conditions of the subject property prior to their purchase. However, this Court need not address Appellants' remaining assignments of error because the arguments are rendered moot by our disposition of Appellants' second assignment of error. See App.R. 12(A)(1)(c).
 III {¶ 22} Appellants' second assignment of error is sustained. We decline to address Appellants' remaining assignments of error. The judgment of the common pleas court is reversed, and cause remanded for proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Slaby, P.J. concurs.