DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Eugenio and Patty Cabassa, appeal from a judgment of the Lorain County Court of Common Pleas, which affirmed the decision of the Elyria Township Board of Trustees ("Board"). We affirm.
 I. {¶ 2} The Cabassas own property in Elyria Township, which formerly operated as a greenhouse but is now essentially abandoned, consisting of three dilapidated structures that are uninhabited and generally unattended. Since 2001, the Board has urged the Cabassas to make the property safe by razing the structures and removing the accumulation of garbage, refuse and debris. Pursuant to a letter from the Elyria Township Fire Chief declaring the property insecure, unsafe and structurally defective, the Board invoked R.C. 505.86(B) and 505.87(B) to compel the Cabassas to act to abate the nuisance.
 {¶ 3} Specifically, the Board passed a motion at a November 3, 2003 meeting that ordered the Cabassas to either take action or reimburse the Township for the costs incurred for doing so. At that same time, the Board provided the Cabassas and other interested parties with an opportunity to be heard at the subsequent November 17, 2003 meeting, and invited them to present testimony and evidence. The Cabasssas attended the November 17, 2003 meeting, spoke on their own behalf, presented evidence, and produced family and friends to testify as well. Ultimately, the Board ordered that the Cabassas had 30 days to comply, or else the Township would proceed with the clean up and recovery of costs.
 {¶ 4} The Cabassas appealed the decision to the Lorain County Court of Common Pleas, pursuant to R.C. 2506.01, and that court affirmed. Thereafter, the Cabassas timely appealed to this Court, asserting two assignments of error. We have consolidated the assignments of error to facilitate review.
 II. First Assignment of Error
"Whether the township properly sent the notices required by statute of the meetings held November 3, 2003, and November 17, 2003."
 Second Assignment of Error
"Whether the township violated the provisions of R.C. 121.22."
 {¶ 5} The Cabassas assert that the trial court erred by failing to find that the Board violated certain statutory requirements, and that such error warrants reversal. We disagree.
 {¶ 6} Before reaching this Court, this case first arose as an appeal to the common pleas court from an administrative order, as governed by R.C. Chapter 2506. On review, the common pleas court is limited to acting on errors proven by a "preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. Following the common pleas court review, a party may appeal "questions of law" to an appellate court. Id. Thus, our review is even more limited and requires that we affirm the trial court unless we find error as a matter of law.[1] Kisil v. City of Sandusky (1984),12 Ohio St.3d 30, 34. AccordEarth `N Wood Prods., Inc. v. City of Akron Bd. of Zoning Appeals, 9th Dist. No. 21279, 2003-Ohio-1801, at ¶ 10.
 {¶ 7} On appeal to this Court, the Cabassas have posed only questions of fact: whether notice was sent by certified mail; and, whether the Board discussed the razing of buildings during executive session. This Court is not at liberty to review such factual disputes in this context. See R.C. 2506.04; Kisil, 12 Ohio St.3d at 34; Earth `N Wood at ¶ 10. Rather, we look to the trial court's decision, and finding a reasonable application of the law, are bound to affirm that decision against the Cabassas' charges. The assignments of error are overruled.
 III. {¶ 8} The Cabassas' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Concurs.
Carr, J. Concurs in Judgment only.
[1] This Court recognizes that "[w]ithin the ambit of `questions of law' for appellate court review would be abuse of discretion by the common pleas court." Kisil, 12 Ohio St.3d at 34 fn.4. See, e.g., Marsillov. Stow City Council, 9th Dist. No. 22229, 2005-Ohio-473, at ¶ 11;Copley Twp. Bd. of Trustees v. Lorenzetti (2001), 146 Ohio App.3d 450,454. However, abuse of discretion was not raised, argued or rebutted in this case, and this Court will not interject it on our own initiative.