DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Wellington Township Board of Zoning Appeals (BZA) appeals from the Lorain County Court of Common Pleas, which reversed BZA's denial of a zoning variance and ordered BZA to reconsider the variance petition filed by appellee Stace Development, Inc. (SDI). We affirm.
 I. {¶ 2} SDI applied for a zoning certificate to construct dwellings on three adjacent lots, with access from the public road provided by a shared driveway and bridge. Wellington Township Zoning Resolution Section 103.10 prohibits shared driveways and bridges to serve multiple residential lots. Therefore, the local zoning inspector denied the application. SDI appealed the denial and sought a variance from BZA. BZA heard the appeal and denied the variance request.
 {¶ 3} As documented in the recorded minutes of the BZA hearing, the parties disputed whether the request was for a Use Variance or an Area Variance right from the outset, at which point the minutes note: "[BZA] will keep an open mind to applications of both Use Area variances." Ultimately, BZA found that SDI had not proven the "unnecessary hardship" necessary to sustain a Use Variance. However, the minutes state that "[BZA] was also asked to consider the requirements in the practical test [i.e., Area Variance]. The vote would have been the same." (Emphasis added.) BZA provided SDI with a written decision and detailed conclusion of facts, which explicitly relied on the Use Variance test without any mention of the Area Variance test.
 {¶ 4} SDI appealed to the Lorain County Court of Common Pleas, pursuant to R.C. 2506.01. SDI also moved to supplement the record, pursuant to R.C. 2506.03, contending that BZA's minutes and written decision were insufficient to provide a proper review. BZA objected, but the common pleas court granted the motion and conducted a supplemental hearing. Even allowing for this supplemental hearing, the additional evidence adduced does not dispute that "the vote would have been the same." In fact, the trial court left this issue decidedly undecided, stating: "this Court cannot determine whether [BZA] would have granted the variance request had it considered the [Area Variance] standard."
 {¶ 5} Ultimately, the court determined that BZA had incorrectly construed SDI's request as one for a Use Variance, and therefore had applied the wrong legal standard (i.e., the "unnecessary hardship" test). The court found that SDI had requested an Area Variance, the legal standard for which is a less-stringent "practical difficulties" test. Without indicating whether SDI satisfied this alternative test, the court remanded the case back to BZA for additional proceedings and its own determination under the "practical difficulties" test. BZA timely appealed to this Court, asserting three assignments of error for review.
 II. {¶ 6} R.C. Chapter 2506 governs appeals of decisions by agencies of political subdivisions, such as township zoning boards. See, e.g., Earth`N Wood Prods., Inc. v. City of Akron Bd. of Zoning Appeals, 9th Dist. No. 21279, 2003-Ohio-1801. Under R.C. 2506.04, a party may appeal to this Court only as to "questions of law" arising from the common pleas court's R.C. 2506.04 review of the agency's decision. See Cabassa v. ElyriaTwp., 9th Dist. No. 04CA008519, 2005-Ohio-713, at ¶ 6. This Court reviews questions of law de novo. Maumee v. Public Util. Comm.,101 Ohio St.3d 54, 2004-Ohio-7, at ¶ 3. In the present case, we consider the common pleas court's authority under R.C. Chapter 2506.
 {¶ 7} Under R.C. 2506.01, a party may appeal a local agency's final administrative decision to the applicable court of common pleas. Then, R.C. 2506.04 empowers the court of common pleas to act with certain, limited appellate authority as to the challenged administrative decision. See Summit Cty. Bd. of Health v. Pearson, 9th Dist. No. 22194,2005-Ohio-2964, at ¶ 7. Under this construct, the common pleas court may act on particular errors; those which it finds to be: "[1.] unconstitutional, [2.] illegal, [3.] arbitrary, [3.] capricious, [4.] unreasonable, or [5.] unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. In the present case, the common pleas court found BZA's decision to be unsupported by the record.
 {¶ 8} Notably, in our review, this Court does not reconsider the common pleas court's findings as to the record or underlying factual determinations. R.C. 2506.04. Rather, this Court considers only questions of law arising from the common pleas court's review. Id.; Cabassa
at ¶ 6.
 A. First Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPLEMENT THE RECORD AND IN CONDUCTING A HEARING TO SUPPLEMENT APPELLANT BZA'S HEARINGS."
 {¶ 9} BZA alleges that the trial court improperly admitted evidence beyond the scope of its R.C. Chapter 2506 review authority when it conducted its own hearing to supplement the record. We disagree.
 {¶ 10} Under R.C. 2506.03(A)(1), the administrative appeal before the common pleas court "shall proceed as in the trial of a civil action, but the court shall be confined to the transcript [of the agency's hearing] unless it appears, on the face of that transcript or by affidavit filed by the appellant, that * * * [t]he transcript does not contain a report of all evidence admitted or proffered by the appellant." If this exception applies, then "the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party." R.C. 2506.03(A). See, e.g., McCann v. Lakewood (1994), 95 Ohio App.3d 226,239-40 (finding meeting minutes insufficient).
 {¶ 11} The parties acknowledge that there is no verbatim transcript of the BZA hearing. The "transcript," or record, that BZA filed with the common pleas court pursuant to R.C. 2506.02 contained the documents admitted by BZA during the hearing and the 11 pages of hearing minutes recorded by the BZA secretary. BZA prepared and filed an eight-page report with "conclusions of fact supporting the final order," in accordance with R.C. 2506.03(A)(5). SDI protested that this record was insufficient for a proper review, and the common pleas court agreed.
 {¶ 12} BZA argues that it satisfied R.C. 2506.02 and 2506.03 based on the secretary's hearing minutes, which it variously (and repeatedly) characterizes as thorough, detailed, accurate, excellent, copious and exhaustive. Thus, BZA asks this Court to overrule the common pleas court's factual determination that these hearing minutes were insufficient under the circumstances. Under R.C. 2506.04, we are not at liberty to review factual questions. See Cabassa at ¶ 6. As a legal matter, it has been determined that hearing minutes may be insufficient.McCann, 95 Ohio App.3d at 239-40. BZA's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT BZA ERRONEOUSLY APPLIED THE `USE' VARIANCE `UNNECESSARY HARDSHIP' TEST INSTEAD OF THE `AREA' VARIANCE `PRACTICAL DIFFICULTIES' TEST TO APPELLEE'S ZONING VARIANCE REQUESTS."
 {¶ 13} BZA alleges that the common pleas court applied the wrong legal test to the circumstances of this case, and improperly overturned the BZA's application of the correct test. We disagree.
 {¶ 14} "A use variance permits land uses for purposes other than those permitted in the district as prescribed in the relevant regulation [e.g., commercial use in a residential district]. Area variances do not involve uses, but rather structural or lot restrictions [e.g., relaxation of setback lines or height restrictions]." Schomaeker v. First Natl. Bank ofOttawa (1981), 66 Ohio St.2d 304, 306-07. In the present case, SDI sought a variance to allow placement of a shared driveway (and constructively, the associated bridge) onto the three lots. This is an area variance. The Ohio Supreme Court has made a similar distinction:
"The conversion of appellant's property to a duplex would not need the approval of the commission but for the fact that the lot on which the residence is situated is below the minimum area and yard requirements contained in the city zoning provisions. Appellant, therefore, sought a variance to allow the conversion of the residence. Such a variance is not a pure use variance. The variance sought by appellant is merely an area variance." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 31-32.
The circumstances of the present case may be restated in a parallel format, which would be:
The conversion of SDI's property to a residence would not need the approval of BZA but for the fact that the lot on which the residence is situated seeks a shared driveway otherwise prohibited by the township zoning provisions. SDI, therefore, sought a variance to allow the shared driveway. Such a variance is not a pure use variance. The variance sought by SDI is merely an area variance.
Therefore, we conclude that the common pleas court applied the correct legal test, BZA applied the wrong legal test, and the common pleas court did not err in reversing BZA's decision. BZA's second assignment of error is overruled.
 C. Third Assignment of Error
"THE TRIAL COURT ERRED IN REMANDING THIS CASE BACK TO APPELLANT BZA FOR ADDITIONAL PROCEEDINGS AND RECONSIDERATION."
 {¶ 15} BZA alleges that the trial court went beyond the scope of its R.C. 2506 review authority when it remanded the case and ordered BZA to conduct a renewed zoning variance petition hearing. We disagree.
 {¶ 16} Under R.C. 2506.04, the common pleas court "may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." BZA argues that the common pleas court is limited to these particular actions, and, "in an appeal from a township board of zoning appeals, [a common pleas court] is without jurisdiction to return the record to the board for further proceedings." Fleischmannv. Medina Supply Co. (1960), 111 Ohio App. 449, paragraph five of the syllabus. SDI responds that the Ohio Supreme Court has overruled this position in State ex rel. Chagrin Falls v. Geauga County Board ofCommissioners, 96 Ohio St.3d 400, 2002-Ohio-4906, and therefore,Fleischmann is no longer controlling law:
"Under Superior Metal [Products, Inc. v. Ohio Bureau of EmploymentServices (1975), 41 Ohio St.2d 143, 146], and the foregoing appellate cases, common pleas courts are authorized under R.C. 2506.04 to reverse an administrative decision and remand the cause to the administrative body to conduct further proceedings on the matter." Id. at ¶ 12.
Thus, we will seek to reconcile these two positions. We begin by noting that Fleischmann was an appeal from a common pleas court's order thatdenied a motion to remand the issue to the zoning board. Fleischmann,111 Ohio App. 450-51. The Fleischmann Court determined that such an order was not final, and dismissed the appeal accordingly. Id. at 454-55. TheFleischmann Court "further observed" that the grant of such a motion (i.e., an order remanding the issue) would be analyzed differently — as void for lack of subject matter jurisdiction under R.C. Chapter 2506. Id. at 455. The Fleischmann Court opined that the R.C. 2506.01 appeal "is but a continuation of the administrative agency case into the Court of Common Pleas[,] * * * [so the Court of Common Pleas] has no power under these circumstances to make orders in the case directed to the agency until the case had been heard on its merits in the Court of Common Pleas." Id.
 {¶ 17} As a predicate to its decision in Chagrin Falls, the Ohio Supreme Court considered this issue. Chagrin Falls at ¶ 6-7. The Court noted that "appellate courts have applied [the Superior Metal holding] and held that common pleas courts have authority in R.C. Chapter 2506
administrative appeals to remand for further proceedings, including a new hearing." Id. at ¶ 8. The Court did not expressly overrule the appellate cases in conflict with its statement, and did not cite Fleischmann among its "foregoing appellate cases." Id. at ¶ 9, 12. We conclude that an order remanding the issue to the administrative agency for further hearing is authorized under R.C. 2506, per Chagrin Falls, while an order denying such a motion is not final or appealable, per Fleischmann.
 {¶ 18} In the present case, the common pleas court ordered the remand and renewed hearing, and was within its authority to do so. See id. at ¶ 12. BZA's third assignment of error is overruled.
 III. {¶ 19} BZA's assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Moore, J. concur.