DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, James and Zana Genovese, have appealed from the Summit County Court of Common Pleas, which affirmed the decision of the Coventry Township Board of Zoning Appeals ("Board"). This Court reverses.
 I. {¶ 2} Mr. and Mrs. Genovese reside in Coventry Township, near the Akron Yacht Club ("Club"). Since circa 1968, the Club has leased certain property abutting Cottage Grove Lake, on which it operates boat docks, a clubhouse, and a campground. This property is zoned residential, so the Club has had to seek and obtain permission from the Board for these non-residential uses.
 {¶ 3} On March 22, 2004, the Club applied to the Board for a continuation of its conditional use permit. The Board held a hearing and heard testimony regarding the application. Mr. Genovese attended the hearing with his attorney, Richard Dobbins, to protest the application. At the hearing, Mr. Genovese testified that the camping caused excessive noise. Mr. Dobbins testified that the camping violated any previously granted conditional use permits and objected to further use of the property for camping. At the close of testimony the Board voted to grant a one-year conditional use permit, which included camping.
 {¶ 4} Mr. and Mrs. Genovese appealed the decision to the Summit County Court of Common Pleas, per R.C. 2506.01. The common pleas court affirmed. Mr. and Mrs. Genovese appealed to this Court, asserting one assignment of error.
 II. Assignment of Error
"THE TRIAL COURT'S FINDING THAT THE BOARD OF ZONING APPEALS' DECISION REGARDING AKRON YACHT CLUB WAS NOT UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS, UNREASONABLE, OR UNSUPPORTED BY A PREPONDERANCE OF THE EVIDENCE WAS NOT SUPPORTED BY A PREPONDERENCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS AN ABUSE OF DISCRETION." [sic]
 {¶ 5} Mr. and Mrs. Genovese assert that the trial court erred in its R.C. Chapter 2506 review by failing to apply the law. On appeal to the common pleas court, Mr. and Mrs. Genovese asserted that the Board's authority is circumscribed by the Coventry Township Zoning Resolution, that the Board acted beyond this limited authority, and that the conditional use permit granted to the Club was unsupported as a matter of law. On appeal to this Court, Mr. and Mrs. Genovese explain that the common pleas court ignored the limitations imposed by Ohio law, and instead merely upheld the permit without any supporting legal analysis or explanation. From this, Mr. and Mrs. Genovese claim that the common pleas court either abused its discretion or erred as a matter of law. This Court agrees.
 {¶ 6} R.C. Chapter 2506 governs appeals from decisions by agencies of political subdivisions, such as township zoning boards. See Earth `N Wood Prods., Inc. v. City of Akron Bd. ofZoning Appeals, 9th Dist. No. 21279, 2003-Ohio-1801. Under R.C.2506.01, a party may appeal a local agency's final administrative decision to the applicable court of common pleas. Then, R.C.2506.04 empowers the court of common pleas to act with certain, limited appellate authority as to the challenged administrative decision. See Summit Cty. Bd. of Health v. Pearson, 9th Dist. No. 22194, 2005-Ohio-2964, ¶ 7. Under this construct, the common pleas court may act on certain assigned errors; those which it finds to be: "[1.] unconstitutional, [2.] illegal, [3.] arbitrary, [4.] capricious, [5.] unreasonable, or [6.] unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. See StaceDev., Inc. v. Wellington Twp. Bd. of Zoning Appeals, 9th Dist. No. 04CA008619, 2005-Ohio-4798, ¶ 6-8.
 {¶ 7} A subsequent appeal to the Court of Appeals is "more limited in scope." Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34. Under R.C. 2506.04, a party may appeal to this Court only as to "questions of law" arising from the common pleas court's R.C.2506.04 review of the agency's decision. See Cabassa v. ElyriaTwp., 9th Dist. No. 04CA008519, 2005-Ohio-713, ¶ 6. This Court does not reconsider the common pleas court's findings as to the record or underlying factual determinations. See R.C. 2506.04. Rather, this Court considers only questions of law arising from the common pleas court's review. Id.; Cabassa at ¶ 6; Kisil,12 Ohio St.3d at 34. This Court reviews questions of law de novo.Maumee v. Public Util. Comm., 101 Ohio St.3d 54, 2004-Ohio-7, at ¶ 3.
 {¶ 8} "Within the ambit of `questions of law' for appellate court review would be abuse of discretion by the common pleas court." Cabassa at ¶ 6, fn.1, quoting Kisil,12 Ohio St.3d at 34, fn.4. See, e.g., Marsillo v. Stow City Council, 9th Dist. No. 22229, 2005-Ohio-473, ¶ 11; Copley Twp. Bd. of Trustees v.Lorenzetti (2001), 146 Ohio App.3d 450, 454. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. This is not a de novo review; under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 9} In the present case, the common pleas court upheld the Board's grant of a one-year conditional use permit, which implicitly included operation of the boat docks, clubhouse, and campground on property zoned R-1 residential. In its journal entry, the common pleas court did not provide any analysis, but merely offered a conclusory statement that the Board "acted in a way that did not violate Ohio Revised Code § 519.14 or the applicable zoning resolution." Mr. and Mrs. Genovese had explained to the Board at the zoning hearing, and again to the common pleas court in the R.C. 2506.01 appeal, that the Boarddid act in a way that violated R.C. 519.14 by exceeding the provisions of the Coventry Township Zoning Resolution. These explanations were brushed aside by the Board members at the hearing and were left unaddressed by the common pleas court, other than in the conclusory statement quoted above. At this stage, Mr. and Mrs. Genovese ask this Court to consider the legal question of whether the Board overstepped its R.C. 519.14
authority in granting the permit and whether the common pleas court abused its discretion in upholding that grant.
 {¶ 10} Under the applicable statutory section, titled "Powers of Township Board of Zoning Appeals," the State legislature has defined the authority of this particular type of political subdivision: "The township board of zoning appeals may * * * [g]rant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution." R.C. 519.14(C). In construing this statute, the Ohio Supreme Court similarly expressed that a township board of zoning appeals may grant conditional use zoning permits, but only if such uses are provided for in the township's zoning resolution. See Gerzeny v.Richfield Twp. (1980), 62 Ohio St.2d 339, 344. See, also,Welling v. Perry Twp. Bd. of Zoning Appeals, 5th Dist. No. 2002CA-152, 2002-Ohio-6550, ¶ 15; Dayton Invests. Group 6 v.Speedy Muffler King, Inc. (Aug. 12, 1987), 2nd Dist. No. 10328, *6; Collins v. Butler Cty. Bd. of Zoning Appeals (Nov. 24, 1986), 12th Dist. No. CA 86-01-001, *2; Wantz v. Chardon Twp.Bd. of Zoning Appeals (June 29, 1984), 11th Dist. No. 1130, *2.
 {¶ 11} The Board in the present case is bound by the Coventry Township Zoning Resolution, which designates six "conditionally permitted uses" in an R-1 Residential District. None of those six uses allows for camping.[1] Therefore, the Board had no authority to grant a conditional use permit that included camping.
 {¶ 12} The Board and Club allege that Mr. Genovese's statements at the zoning hearing served to waive his objection to the grant of the conditional use permit. At the hearing, Mr. Genovese and his attorney, Mr. Dobbins, urged the Board to grant a conditional use permit that permitted the yacht club but prohibited camping. From this, the Board and Club argue that Mr. Genovese invited the error of granting the permit or waived his objection to the allowance of camping. However, Mr. Genovese never withdrew his adamant protest against camping — he argued against it to the Board, he appealed to the common pleas court, and he has appealed to this Court. His protests have been emphatic and consistent. Moreover, Mr. Dobbins' suggestion that the Board should permit the yacht club but prohibit camping was tendered as a compromise: "Mr. Genovese is asking for here — that you allow the Yacht Club to operate that you grant the conditional variance, but you not allow the camping. That wouldbe a reasonable accommodation for both parties here." As reasonably understood, a protestor's offer to compromise his protest does not instill the local zoning board with more authority than it would otherwise have under the law. See R.C.519.14.
 {¶ 13} As for the common pleas court, it was informed on the law and the limitations imposed on the Board by law. Mr. and Mrs. Genovese cited statute and case law in their R.C. 2506.01 brief to the common pleas court, and quoted:
"[T]he statute [R.C. 519.14] does not vest township boards with power to grant conditional zoning certificates independent of the zoning resolution. Rather, the board's power to issue such a certificate is no greater than that vested in it by the township zoning resolution." Gerzeny, 62 Ohio St.2d at 342.
The grant of the conditional use permit in this case was in error. This Court finds this outcome to be an error of law and an abuse of discretion. See Blakemore, 5 Ohio St.3d at 219. Mr. and Mrs. Genovese's assignment of error is sustained.
 III. {¶ 14} Mr. and Mrs. Genovese's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Whitmore, P.J. Concurs.
[1] The pertinent section of the Resolution (Article 6.00), states in its entirety:
"In an `R-1' Residence District, no building, structure, lot, or land shall be used except for the following purposes.
"A. PERMITTED USES
"1. Single family dwelling.
"2. Accessory buildings or structures customarily incidental to the foregoing permitted use, including private boat house and dock facilities, roadside stands, and private garages.
"B. CONDITIONALLY PERMITTED USES
"(Uses which may be permitted by issuance of a Conditional Zoning Certificate by the Board of Zoning Appeals that said Board finds that the proposed conditional use is listed in the conditional uses in the district and that the conduct of the use meets beyond any reasonable doubt, both the general and specific requirements thereto.)
"1. Public owned and operated facilities such as, but not limited to, fire stations, township halls, community center buildings or areas, libraries, museums, parks, recreation, or conservation areas.
"2. Public or parochial schools.
"3. Churches and comparable buildings for religious worship, instruction, or devotion, but excluding tents temporarily erected for such purposes.
"4. Golf courses or country clubs, but excluding miniature golf courses or practice driving ranges operated for business purposes.
"5. Accessory buildings or structures customarily incidental to any of the foregoing conditionally permitted uses, including accommodations for personnel employed on the premises, private boat house and dock facilities, home occupation, and roadside stands.
"6. Residential and non-residential alcohol, drug and related mental health treatment facilities and associated uses."
The Resolution elsewhere states: "Uses which are omitted from these regulations, not being specifically permitted shall be considered prohibited until, by amendment, such uses are written into these regulations." (Emphasis in original.) Resolution Article 2.00.