COPLEY TOWNSHIP BOARD OF TRUSTEES et al., Appellees,

v.

LORENZETTI, Appellant;  Wagner et al., Appellees.

[Cite as *Copley Twp. Bd. of Trustees v. Lorenzetti,*
146 Ohio App.3d 450, 2001–Ohio–1662.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20398.

Decided Oct. 31, 2001.

Irving B. Sugarman, for appellees.

Kenneth L. Gibson, for appellants.

BATCHELDER, Presiding Judge.

{¶1} Appellant, Pamela Lorenzetti, appeals from the judgment of the Summit County Court of Common Pleas, upholding the decision of the Copley Township Board of Zoning Appeals ("BZA"), denying appellant a conditional zoning certificate and finding no constitutional defects in the actions taken by the BZA or in the zoning resolution. We reverse.

I

A. Background

{¶2} The factual history of this matter began over twenty-five years ago. Appellant's parents, Theodore and Emogene Frashure, owned a large piece of real property in Copley Township. In 1975, Mr. Frashure, a home builder, sought and obtained a two-year conditional zoning certificate from the BZA for the purpose of removing sand and gravel from the site in order to build exclusive homes upon it. The property, at the time, was zoned residential. The BZA granted another conditional zoning certificate for the same purpose two years later.

{¶3} By 1985, the zoning on the property had changed from residential to "O–C Open Space and Conservation District," which allowed recreational facilities as a conditionally permissible use. At that time, application was made for a conditional zoning certificate for the purpose of constructing a recreational lake on the property.[1] According to the affidavit of appellant, her father's health had begun to deteriorate and he was no longer able to continue his trade of building

---

1. Appellant had originally applied for a variance but amended her application at the urging of the BZA.

homes. A somewhat lengthy hearing was conducted, involving four meetings over the course of four months. At the conclusion of the hearing, the board approved the request for a conditional zoning certificate.

{¶4} Additional conditional zoning certificates were awarded in 1988, 1990, and 1993. Since 1985, the consistently stated goal of the property owners was to construct a recreational lake. The plans included a thirty-four-acre lake, two picnic pavilions, and a baseball field. The last conditional zoning certificate for the property expired in January 1995.[2]

### B. Facts immediately relevant to the present appeal

{¶5} On May 24, 1999, the Copley Township Board of Trustees and Lori Salser, the Copley Township Zoning Inspector (hereinafter collectively referred to as "Copley"), filed a complaint seeking declaratory and injunctive relief as well as an action sounding in nuisance against Pamela Lorenzetti, property owner, Dan Wagner, lessee, and Wagner Construction, lessee's company. Through this complaint, Copley alleged that the named defendants were "illegally conducting activities" on the property in violation of the Copley Township Zoning Resolution. According to the affidavit of the zoning inspector, it appears that Copley's complaint was that the named defendants were engaged in "gravel and sand excavation, mining, and soil removal[.]" Copley, therefore, sought a judgment declaring that such activity constituted a zoning violation and an order enjoining such activity. In addition, Copley sought to have the property declared a public nuisance and that appellant, Wagner, and Wagner's company be ordered to abate such nuisance. Copley also sought temporary and preliminary injunctive relief. The trial court determined that there was an insufficient basis to issue a temporary restraining order and the parties reached an agreement regarding the preliminary injunction.

{¶6} The named defendants jointly answered by denying that they were conducting activities on the property that were either illegal or violative of the zoning regulations. In addition, they asserted that the property was entitled to non-conforming use status and that the zoning ordinances were unconstitutional both facially and as applied. Further, they counterclaimed, pursuant to Section 1983, Title 42, U.S.Code, that Copley had acted in violation of the Ohio and

---

2. {¶a} Over the course of these years, both of appellant's parents died, and she became the sole owner of the property. The record indicates that appellant became the owner of the property on April 21, 1995.

{¶b} The record also indicates that the zoning inspector notified the previous construction contractor regarding the expiration of the certificate, because he was considered to be the applicant and holder of the last conditional zoning certificate. That individual is not a party to this action.

United States Constitutions and also intentionally infringed upon their right to conduct business.

{¶7} In a separate action, appellant applied to the BZA for another conditional zoning certificate on October 28, 1999. Through that action, she sought to continue construction of the lake on her property, indicating that this was a renewal or reinstatement of an expired conditional zoning certificate. A hearing was held before the board on November 17, 1999, at which time the request was denied. Appellant filed an administrative appeal to the court of common pleas pursuant to R.C. 2506.01 et seq. Upon motion, the declaratory judgment action was consolidated with the administrative appeal and assigned to a magistrate.

{¶8} The magistrate declined to overturn the decision of the BZA, and, subsequently, the trial judge adopted the decision of the magistrate. Appellant Lorenzetti has appealed, asserting four assignments of error for review. We first address appellant's fourth assignment of error because it raises an issue which we find to be dispositive.

Fourth Assignment of Error

{¶9} "The decision of the Board of Zoning Appeals as affirmed by the trial court was arbitrary, capricious, and contrary to law and barred by the doctrine of res judicata."

{¶10} Through her fourth assignment of error, appellant challenges the sufficiency of the ruling by the court of common pleas. In order to review the judgment of the court of common pleas, we must first determine the appropriate standards of review.

{¶11} In an appeal of an administrative decision pursuant to R.C. 2506.01 et seq., the scope of review by the court of common pleas is delineated by R.C. 2506.04:

{¶12} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."

{¶13} The Ohio Supreme Court has recently reaffirmed that "the common pleas court must weigh the evidence in the record * * *." *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 612, 693 N.E.2d 219. See, also, *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433, quoting *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848, fn. 4. The court of common pleas then uses the results of its weighing of the evidence and "determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Henley,* 90

Ohio St.3d at 147, 735 N.E.2d 433; see, also, *Gillespie v. Stow* (1989), 65 Ohio App.3d 601, 606, 584 N.E.2d 1280.

{¶14} The standard to be applied by the court of appeals, on the other hand, is " 'more limited in scope' " and is directed toward questions of law. (Emphasis omitted.) *Henley,* 90 Ohio St.3d at 147, 735 N.E.2d 433, quoting *Kisil,* 12 Ohio St.3d at 34, 12 OBR 26, 465 N.E.2d 848.

{¶15} " 'An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires the court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence.' " *Smith,* 81 Ohio St.3d at 613, 693 N.E.2d 219, quoting *Kisil,* 12 Ohio St.3d at 34, 12 OBR 26, 465 N.E.2d 848.

{¶16} Appellate review, therefore, is properly limited to determining whether, as a matter of law, the decision of the court of common pleas is supported by a preponderance of reliable, probative, and substantial evidence. Additionally, " '[w]ithin the ambit of "questions of law" for appellate court review would be abuse of discretion by the common pleas court.' " *Henley,* 90 Ohio St.3d at 148, 735 N.E.2d 433, quoting *Kisil,* 12 Ohio St.3d at 34, 12 OBR 26, 465 N.E.2d 848, fn. 4.

{¶17} The magistrate below indicated that the standard of review that he utilized in reaching his decision was as follows:

{¶18} "[A]n appeal to a common pleas court, pursuant to 2506.04, is of *limited scope.* That is, the court is required to confirm the decision of the administrative agency unless, *as a matter of law,* it finds that the decision or actions of the administrative agency in reaching that decision is not supported by a preponderance of reliable, probative, and substantial evidence upon the whole record." (Emphasis added.)

{¶19} The trial judge adopted and restated the same standard of review in her judgment entry.

{¶20} It is apparent that the magistrate and trial judge below used the appellate standard of review in reaching their decisions, as opposed to the standard of review appropriate to the court of common pleas. See *Henley,* 90 Ohio St.3d at 147, 735 N.E.2d 433. The matter of what standard of review is appropriate in any particular case is a question of law. Because the common pleas court utilized the incorrect standard of review in reaching its decision, its judgment may not stand. The conclusion of the trial court is erroneous as a matter of law.

{¶21} Furthermore, upon review of the record, we observe that the board of zoning appeals did not file any conclusions of fact supporting its decision in this matter as contemplated by R.C. 2506.03(A)(5). In addition, the only report of the proceedings before the BZA that exists in the record before this court is summarized minutes, with two members' reasons, and no conclusions of fact. The omission of such findings makes application of the appropriate standard of review exceedingly difficult—if not impossible—for the court of common pleas, *particularly* in the absence of a verbatim transcript of the hearing before the board and the lack of any evidentiary hearing before the trial court.

■ {¶22} Finally, upon reviewing the minutes from the hearing before the BZA, it appears that the only witnesses were the zoning inspector, appellant, her attorney, and four citizens. Three citizens either requested information or indicated concerns but did not indicate opposition. The fourth witness was not an abutting landowner, but expressed opposition because of truck traffic, trash brought onto the property and because the land did not "look like a recreational area." In regard to decisions of a board of zoning appeals, this court has held that "[l]egal matters are determined by facts, not by belief or desires." *Libis v. Akron Bd. of Zoning Appeals* (1972), 33 Ohio App.2d 94, 100, 62 O.O.2d 146, 292 N.E.2d 642.[3] The substantive reported testimony of the zoning inspector included, in total, a single conclusory statement that "this was and continues to be a way for the landowner to mask or attempt to cover up a violation of the Copley Township Zoning Resolution." The record fails to indicate, however, that the zoning inspector presented *any* facts in that proceeding to support the board's conclusion. At every BZA hearing in regard to this property up until that point in time, appellant had been granted conditional zoning certificates by the BZA. Given the posture of this record, it is difficult to see how the court of common pleas could find that the board's decision was supported by a preponderance of substantial, reliable, and probative evidence. Reason suggests that such a change of position requires more than a bald assertion in order to avert a claim of arbitrariness.

{¶23} This is not to say that such support cannot be mustered. To be sure, this court does not seek to imply any conclusion to be drawn from the facts in this case; rather, only that this is a complicated matter, important to both the landowner and the township, and the question ought to be properly resolved on a

---

**3.** See, also, *Fallang v. Butler Cty. Bd. of Zoning Appeals* (Feb. 2, 1998), Butler App. No. CA97–06–118, 1998 WL 42225. *Fallang* explains that applications for a conditional use permit require an "adjudicatory hearing" as opposed to a "public hearing," and determinations must be based on evidence as opposed to public opinion. Id. In situations where any development may result in increased traffic, such concerns are insufficient, standing alone, to justify denial of an otherwise permitted use by a property owner. Id.

full record with testimony by relevant—and perhaps expert—witnesses, properly cross-examined, evidence tested under the appropriate sections of the Copley Township Zoning Resolution and against the correct legal standard of review.

{¶24} Accordingly, we sustain appellant's fourth assignment of error.

## II

{¶25} The fourth assignment of error is sustained. Appellant's first, second, and third assignments of error are rendered moot. App.R. 12(A)(1)(c). The judgment of the court of common pleas is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

WHITMORE, J., concurs.

CARR, J., concurs in judgment only.

CARR, Judge, concurring in judgment only.

{¶26} I concur in the decision to reverse the judgment of the court of common pleas because that court did not use the proper standard of review.