OPINION JUDGMENT ENTRY
{¶ 1} On February 12, 1996, Kerri Ann Culp and appellee, Craig Burkhart, voluntarily gave custody of their child, Jeordan, born March 8, 1993, to Ms. Culp's mother, Karen Kennison, and stepfather, Chester Kennison, appellant herein. In 1998, the Kennisons divorced and a shared parenting plan was established for Jeordan. Jeordan resided primarily with appellant.
 {¶ 2} On June 19, 2002, appellee filed a motion for return of custody. Hearings before a magistrate commenced on July 12, 2002. By decision filed March 24, 2003, the magistrate recommended granting the motion. The magistrate filed supplemental findings of fact and conclusions of law on May 23, 2003. Appellant filed objections. By judgment entry filed December 29, 2003, the trial court denied the objections and gave full force and effect to the magistrate's decision.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court abused its discretion in granting the appellee's motion for return of custody without finding a change of circumstance."
 I {¶ 5} Appellant's sole assignment of error invites this court to reconsider our opinion in In re Christian Hollowell, Stark App. No. 2002CA00127, 2002-Ohio-6405. Appellant claims the trial court erred in finding that appellee had not contractually relinquished his parental rights via the judgment entry of February 12, 1996, thereby becoming unsuitable. Appellant also claims the proper procedure was to first determine there had been a change of circumstances à la R.C. 3109.04(E). We decline to reconsider our position in Hollowell, and find the standards of R.C. 3109.04(E) are not applicable sub judice.
 {¶ 6} It must be noted that the magistrate, in his decision of March 24, 2003 and supplemental findings of fact and conclusions of law filed May 23, 2003, did a thorough and exhaustive evaluation of the facts and law. In fact, in his supplemental filing at 12-13, the magistrate listed six factors that led to a change of circumstances as defined by R.C.3109.04(E). Therefore, based on the assignment of error sub judice, the trial court did in fact find a change of circumstances and the assignment could be overruled based solely on a strict wording of the assignment.
 {¶ 7} In Hollowell, we specifically found R.C. 3109.04(D) did not govern in cases where a non-parent had been granted custody and a parent subsequently petitions for custody. We specifically stated R.C. 2151.23(A)(2) applies to this type of custody issue. Despite this language, our opinion in Hollowell
at 4 gives some lip service to the change of circumstances standard of R.C. 3109.04(D):
 {¶ 8} "The judgment from which this appeal was taken clearly shows that the trial court accepted the factors now present in the father's life to be sufficient changes in circumstances to warrant reconsideration of custody. This would also be in conformity with the initial recommendation of the guardian ad litem which contemplated a temporary placement until sufficient parental maturity was achieved."
 {¶ 9} Because of this misleading language, it is necessary to review this court's reasoning. R.C. 2151.23(A)(2) clearly grants specific statutory authority to the juvenile court to determine custody issues of parent vis-à-vis a non-parent. Once the juvenile court has exercised jurisdiction over a child, the court has continuing jurisdiction to determine what is in the best interests of the child. As a result, a change of circumstances is not a prerequisite to the resumption of the juvenile court's jurisdiction. Furthermore, the philosophy of requiring a change of circumstances in divorce custody issues is based upon the presumption that parents are equals and must be treated as such. In a juvenile proceeding where the parties are not on equal footing, the change of circumstances standard is not applicable.
 {¶ 10} Apart from this presumption, the original grant of custody did not find that either parent was unsuitable nor did it even suggest that appellee had abandoned the child:
 {¶ 11} "It is therefore the Order, Judgment and Decree of this Court that CHESTER L. KENNISON and KAREN S. KENNISON, 8772 Eberhart Rd., NE, Dover, Ohio 44622, shall be and hereby are designated as the residential parents and legal custodians of the minor child JEORDAN ZAYN BURKHART CULP, that the same be effective immediately and shall continue until such time as this designation is revoked or modified in writing by this court.
 {¶ 12} "* * *
 {¶ 13} "The minor child's natural father CRAIG ALLEN BURKHART expressly reserves the right to petition the Court at any future date for custody of said minor child." Judgment Entry filed February 12, 1996.
 {¶ 14} We note this court has seen many instances wherein a parent under like circumstances decides at the time of the custody agreement that the child is better off with the grandparents. This does not ipso facto mean that the parent is permanently relinquishing custody or abandoning the child. In fact, as the facts suggest sub judice, the parents were acting in the child's best interests.
 {¶ 15} A motion to regain legal custody causes a trial court to make a determination on the child's best interests. A decision will not be reversed absent an abuse of discretion. Miller v.Miller (1988), 37 Ohio St.3d 71. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217. The facts presented and found by the trial court sub judice do not lead to a determination of an abuse of discretion by the trial court.
 {¶ 16} We find a change of circumstances is not a prerequisite for a parent to regain legal custody of a child when the relinquishment of legal custody was not based on unsuitability of the parent.
 {¶ 17} The sole assignment of error is denied.
 {¶ 18} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J., Gwin, P.J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is affirmed.