DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Glencairn Corporation has appealed from a judgment of the Summit County Court of Common Pleas that affirmed the decision of the Richfield Township Board of Zoning Appeals finding a violation of zoning requirements. This Court reverses.
 I {¶ 2} The instant matter involves the development of property within the Glencairn Forest Subdivision ("Subdivision"). Approval for the Subdivision required that a single entity control the development. Appellant Glencairn Corporation ("Glencairn") sold a portion of the Subdivision to Innovative Contractors and Building Services, a subsidiary of Petros Homes, for a subdivision, tentatively called the Turnberry Subdivision ("Turnberry"). The sale involved Phase I, 35 acres, of the Subdivision. Upon learning of the sale, a Richfield Township Board of Zoning Appeals' ("BZA") inspector informed Glencairn that any subdivision of the Subdivision would violate the single entity control requirement, which would "result in no zoning certificates being issued for Turnberry and may jeopardize the prior approval of the entire [Glencairn] planned residential district." The inspector denied zoning approval.
 {¶ 3} Glencairn's response to the inspector confirmed the sale and assured her that Turnberry would conform with the approved plan for development of the Subdivision. The inspector did not change her position and Glencairn appealed her decision to the BZA. In Resolution 494, the BZA upheld the inspector's finding of Glencairn's wrongful conduct and precluded the development of Turnberry. On November 19, 2002, Glencairn appealed the BZA's decision interpreting the Zoning Resolution of Richfield Township to the Summit County Court of Common Pleas.
 {¶ 4} On June 22, 2004, the common pleas court affirmed BZA resolution 494. The common pleas court found that based on the record the BZA "had sufficient evidence with which to determine that [Glencairn's] transfer of the property at issue to another developer was a violation of the township's zoning requirements and could properly prohibit further development." The common pleas court also found that there was "sufficient evidence to support Richfield's interpretation of the `single control' language."
 {¶ 5} Glencairn has timely appealed the common pleas court's decision, asserting five assignments of error. For ease of analysis, we first address Glencairn's fourth assignment of error.
 II Assignment of Error Number Four
"The [common pleas] court erred as a matter of law in affirming the [bza's] denial of zoning approval because it failed to apply the correct legal standard to review the denial as required under R.C. 2506.04 andCopley Township Board of Trustees v. Lorenzetti (2001),146 Ohio App.3d 450, 2001-Ohio-1662, 766 N.E.2D 1022."
 {¶ 6} In its fourth assignment of error, Glencairn has argued that the common pleas court failed to apply the proper standard of review when it reviewed the BZA's decision. Specifically, Glencairn has argued that the common pleas court erred because it applied the appellate court standard of review, not the common pleas court standard of review. We agree.
 {¶ 7} When reviewing a decision pursuant to R.C. 2506.04, the common pleas court:
"[C]onsiders the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. Youngstown Bd.of Zoning Appeals (2000), 90 Ohio St.3d 142, 147.
 {¶ 8} The standard of review to be applied by an appellate court in a R.C. 2506.04 appeal is "more limited in scope." (Emphasis sic.) Id., citing Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. In Henley the Ohio Supreme Court explained its analysis of an appellate court's review procedure stating:
"[R.C. 2506.04] grants a more limited power to the court of appeals[,] * * * which does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." (Citations omitted). Henley, 90 Ohio St.3d at 147.
 {¶ 9} In its journal entry, the trial court stated that it must decide "whether the decision of the administrative entity was unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by a preponderance of reliable, probative and substantial evidence in the record." The trial court continued its description of its standard of review stating, "[t]he scope of review of an order of an administrative agency is limited. A reviewing court `will not substitute its judgment for the Board's where there is some evidence supporting the Board's order.'" (Citation omitted).
 {¶ 10} After discussing the facts of the underlying case, the trial court quoted the proper standard of review as set forth in Copley Twp.Bd. of Trustees v. Lorenzetti (2001), 146 Ohio App.3d 450, 453-454. Then the trial court made its conclusion without citing the proper standard and found that the BZA had "sufficient" evidence to make its decision and that there was "sufficient" evidence to support its conclusions. The trial court concluded that Glencairn's argument that the BZA's decision was "unconstitutional, arbitrary, capricious and unreasonable is without merit."
 {¶ 11} A comparison of a common pleas court's proper standard of review of an administrative appeal and the standard of review stated and utilized by the court below reveals discrepancies. While the common pleas court began its opinion by citing the proper standard of review and later quoted it, the record reveals that the trial court also cited the appellate standard of review as its own and based its conclusions on sufficient evidence, not on a "preponderance of substantial, reliable, and probative evidence."
 {¶ 12} As previously noted, in a R.C. 2506 appeal, the common pleas court must determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. If a common pleas court finds that the decision is unconstitutional, illegal, arbitrary, capricious, or unreasonable, it need not find that it is also unsupported by the preponderance of substantial, reliable, and probative evidence. However, before affirming an administrative decision the common pleas court must review the record and determine whether the decision was 1) unconstitutional, illegal, arbitrary, capricious, unreasonable or 2) unsupported by the preponderance of substantial, reliable, and probative evidence.
 {¶ 13} Two portions of the common pleas court's decision lead us to conclude that it applied the incorrect standard of review. First, the common pleas court described its review of the administrative decision as "limited." Second, it stated that "a reviewing court" will not substitute its judgment for said decision when there is "some" evidence to support the decision. The common pleas court's journal entry included the above statements in the same paragraph as the common pleas court's correct standard of review without distinguishing the above as the appellate standard of review. These incorrect descriptions of the common pleas court's standard of review are not remedied by the citation and quotation of the correct standard.
 {¶ 14} Furthermore, the common pleas court's determination that the BZA's decision was supported by "sufficient" evidence does not meet theHenley standard. To affirm the BZA, the common pleas court was required to find that the BZA's decision was supported by a "preponderance of substantial, reliable, and probative evidence " and it failed to do so.Henley, 90 Ohio St.3d at 147.
 {¶ 15} Based on the foregoing, we find that the court of common pleas utilized the incorrect standard of review in reaching its decision; therefore, its judgment is erroneous as a matter of law, and its judgment may not stand. See White v. County of Summit, et al., 9th Dist. No. 21152, 2003-Ohio-1807, ¶ 11.
 {¶ 16} Appellant's fourth assignment of error is well taken.
 Assignment of Error Number One
"The [common pleas] court erred as a matter of law in affirming the [bza's] denial of zoning approval because it failed to apply ohio law to interpret the `single control' provision in RTZR[richfield township zoning regulation] 405-2C of the [RTZR]."
 Assignment of Error Number Two
"The [common pleas] court erred as a matter of law in holding that the [BZA'S] denial of zoning approval based upon the lack of `common open space' was moot."
 Assignment of Error Number Three
"The [BZA'S] decision to deny zoning approval due to the lack of `common open space' is contrary to law because it has no basis in the language of the [RTZR]."
 Assignment of Error Number Five
"The [common pleas] court abused its discretion in affirming the [BZA'S] denial of zoning approval because it failed to consider the `whole record' as required under R.C. 2506.04."
 {¶ 17} In its remaining assignments of error, Glencairn has argued that: 1) the trial court erred because it misconstrued the language of the RTZR (Richfield Township Zoning Regulations); 2) the trial court erred in failing to address the "common open space" issue; 3) common space is not required in the RTZR; and 4) the trial court failed to consider the whole record as required by R.C. 2506.04. However, this Court need not address Glencairn's remaining assignments of error because the arguments are rendered moot by our disposition of Glencairn's fourth assignment of error. See App.R. 12(A)(1)(c).
 III {¶ 18} Glencairn's fourth assignment of error is sustained. We decline to address Glencairn's remaining assignments of error. The judgment of the common pleas court, which affirmed the administrative appeal, is reversed and cause remanded for proceedings consistent with this opinion.[1]
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Batchelder, J. Moore, J. Concur.
[1] This remand should be taken broadly by the common pleas court, with all issues, including mootness, addressed under the proper standard of review. While Appellee argued that the land at issue was already developed and thus the instant appeal was moot, this Court found no evidence in the record to support such a claim. Rather than take judicial notice at the appellate level, we remand this case to the trial court to apply the proper standard of review.