DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, South Park, Ltd., appeals from the judgment of the Lorain County Court of Common Pleas which affirmed Appellee's denial of an application for approval of a cluster subdivision. This Court reverses.
 I. {¶ 2} Appellant sought approval from Appellee, City Council of Avon, for the development of a cluster subdivision. Appellant appeared before the Avon Lake Planning Commission on numerous occasions, and modified its developmental proposal so as to obtain the approval of the Planning Commission. When the proposal was submitted to Appellee, six of the seven council members voted to deny approval of the subdivision. In support of its denial, Appellee members noted that the development did not meet the green space requirements of the applicable city zoning ordinance and was not in the best interest of the city. The record reflects that the green space requirement had previously been reviewed by Michael Bramhall, a consulting engineer for the city, and approved.
 {¶ 3} Appellant, thereafter, appealed the decision of Appellee to the Lorain County Court of Common Pleas. In support of its appeal, Appellant supplemented the trial court record with numerous exhibits, including minutes from Council meetings and correspondence between the parties. Ultimately, the trial court affirmed Appellee's denial of Appellant's application, without articulating supporting rationale based upon the record before it. Appellant timely appealed, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in affirming the decision of [appellee] which denied approval of the final plat and subdivider's agreement for the Kenwyn Village estates subdivision. The trial court erred for each of the following reasons: (1) The action of [appellee] was unlawful for the reason that the final plat conformed in every respect with the codified ordinances of the city of avon; (2) The action of council was unconstitutional in that it denied appellant the constitutionally-protected property right to devote property which conformed in every respect with the codified ordinances of the city of avon to use as permitted; (3) The action of the council is not supported by the preponderance of substantial, reliable and probative evidence on the whole record. * * *"
 {¶ 4} In its sole assignment of error, Appellant argues that reversal is appropriate on multiple grounds. Specifically, Appellant alleges that Appellee's decision was not supported by a preponderance of substantial, reliable, and probative evidence. We find that Appellant's assignment of error has merit.
 {¶ 5} Appellant appealed the decision of Appellee to the court of common pleas pursuant to R.C. 2506.01. The common pleas court "considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. Youngstown Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147; see, also, R.C. 2506.04. A trial court's failure to use the proper standard of review causes its conclusion to be erroneous as a matter of law. Copley Twp. Bd. of Trustees v. Lorenzetti
(2001), 146 Ohio App.3d 450, 454; White v. Cty. of Summit, 9th Dist. No. 21152, 2003-Ohio-1807, at ¶ 11.
 {¶ 6} In the instant matter, the trial court concluded,
"This Court finds that the decision of Council was not arbitrary, unreasonable or capricious, or without any basis of a legitimategovernmental or community interest." (Emphasis added)
In its brief, Appellant asserts that such a holding "suggests that the court found the decision of [Appellee was] supported by the preponderance of substantial, reliable and probative evidence." We decline to give such a broad interpretation to the trial court's judgment entry.
 {¶ 7} The standard of review utilized by the trial court found that Appellee's decision was not "without any basis of a legitimate governmental or community interest." Presumably, this conclusion is based upon Appellee's assertion that Appellant's approval was denied because the cluster subdivision was not in the best interests of the city. However, as noted above, a legitimate government interest, by itself, does not compel affirmance of Appellee's decision. Rather, the decision must be supported "by the preponderance of substantial, reliable, and probative evidence." Henley, 90 Ohio St.3d at 147. In the instant matter, the trial court made no finding in this regard. Accordingly, its judgment is erroneous as a matter of law and cannot stand. Lorenzetti,146 Ohio App.3d at 454. Appellant's sole assignment of error is sustained.
 III. {¶ 8} Appellant's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J. Carr, J. concur.