OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, Allen Hogan appeals the September 18, 2008 decision of the Richland County Court of Common Pleas to grant judgment in favor of Defendant-Appellee, City of Mansfield Planning Commission. The facts giving rise to this appeal are as follows.
 {¶ 2} In July 1986, Appellant relocated his junkyard, salvage yard and automobile used parts business known as Autojumble to 663 Fifth Avenue, Mansfield, Ohio. The 663 Fifth Avenue property is zoned as an I-1, Light Industrial District. Until 1997, Appellant had a salvage dealer's license pursuant to R.C. Chapter 4738. Appellant chose not to renew his salvage dealer's license in 1997 and instead continued to operate his business located at the property as a junkyard.
 {¶ 3} On January 8, 2007, Linda Price, the Manager of Codes and Permits issued Appellant a written notice of certain code violations at the 663 Fifth Avenue Property. The notice advised Appellant that during an inspection, the following violations of the Mansfield Codified Ordinances ("MCO") were observed: 1) accumulation of litter, junk and trash on the premises in violation of MCO § 917.01, 2) the fencing surrounding the property was in a severe state of disrepair in violation of MCO §§ 1175.05 and 1347.01(c), and 3) the off-street parking area was unpaved in violation of MCO § 1179.01. The notification ordered Appellant to remove the accumulated litter, junk and trash from the property within seven days of the order; the existing fence was to be replaced within six months of the date of the order; and Appellant was ordered to pave the off-street parking area within six months of the order. *Page 3 
 {¶ 4} On January 16, 2007, Appellant filed an appeal of the order with the Mansfield City Planning Commission ("Planning Commission"). A hearing was held before the Planning Commission on January 23, 2007. The Housing Supervisor testified at the hearing that he had observed the property and saw that Appellant had started to clean up the property. Linda Price testified that Appellant had been given six months to repair the fence and put in paving. If Appellant made good faith efforts in addressing the violations, Ms. Price would be willing to give Appellant additional time to remove the junk and debris from the property, but the fence must be replaced and uniform pursuant to the MCO. In response to the Planning Commissions' questions, Appellant testified that he was going to put up a chain link obscuring fence. The Planning Commission voted to give Appellant an extension of one month to address the violations and the Planning Commission would revisit the matter after the month.
 {¶ 5} Appellant appeared before the Planning Commission on February 27, 2007 for an update on his progress of remedying the violations on his property. Appellant testified that he had procured gravel for the off-street parking area and was in the process of building/rebuilding the fence. The Housing Supervisor confirmed that Appellant had made some progress and the Planning Commission voted to grant Appellant another thirty-day extension.
 {¶ 6} The Planning Commission considered Appellant's appeal at the April 24, 2007 meeting. Appellant's wife represented Appellant at the hearing. The Housing Supervisor testified that he continued to see improvement on the property. After Appellant's wife stated they were utilizing corrugated metal to finish the fence, the Planning Commission Director commented that he was concerned about the use of *Page 4 
non-uniform material being used for the fencing. Linda Price stated that Appellant had to finish the fence with uniform materials. The next update on the progress of the property was scheduled for May 22, 2007.
 {¶ 7} At the May 22, 2007 Planning Commission meeting, the Housing Supervisor testified there had been slight improvement to the property. A neighbor testified at the hearing about her concerns with the property. In response, Linda Price stated that the completion deadline for the fence repair was July 9, 2007. The Planning Commission set the matter for reevaluation in two weeks.
 {¶ 8} The Planning Commission met again on June 26, 2007 and discussed the status of the property. Linda Price testified that the July 9, 2007 deadline was not just for the completion of the fence repairs. It also involved the removal of the accumulation of the junk, trash and litter and the paving of the off-street parking area. The parties discussed the uniformity of the fence and that Appellant had used both chain link and corrugated metal for the fencing. The Planning Commission set the next status hearing for July 10, 2007.
 {¶ 9} At the July 10, 2007 hearing, the Housing Supervisor provided the Planning Commission with current pictures of the property. As demonstrated by the pictures, Appellant had made progress on the property but had not finished addressing the violations in the notice order of January 8, 2007. The parties engaged in a discussion as to what type of business Appellant was conducting on the property, whether it was a salvage business or a junkyard. Appellant stated that he was operating a junkyard. The Planning Commission requested the law department to review the differences between an auto salvage business and a junkyard. At the *Page 5 
conclusion of the hearing, the Planning Commission ordered Appellant to show the Planning Commission continuous improvement of the property and to immediately submit a completion plan to the Codes and Permits department. The Planning Commission again voted to review the matter in thirty days.
 {¶ 10} Based upon the request of the Planning Commission, an opinion was drafted and presented to the Planning Commission on August 13, 2007 that Appellant could not legally operate a junk yard at 663 Fifth Avenue because junkyards are not permitted or conditionally permitted uses in an I-1 District under the Mansfield Zoning Code. Further, Appellant did not have a current salvage dealer's license to permit the operation of a salvage yard on the property.
 {¶ 11} The Planning Commission met again on August 14, 2007 to review the matter. Appellant was present for the hearing. The Housing Supervisor reported Appellant had made more improvements to the property and provided current pictures to Planning Commission. The Planning Commission discussed the matter of Appellant conducting a junkyard business on the property as explanation for the accumulation of the junk, litter and trash. Based upon the opinion of the law department, it was concluded that because Appellant could not operate a junkyard on the property, there was no basis for the continued accumulation of junk, litter and trash on the property. Any remnants of salvaged motor vehicles or parts located on the property would fall under the definition of junk, litter and trash under MCO § 917. The Planning Commission then voted to deny Appellant's appeal of the January 8, 2007 order.
 {¶ 12} Appellant filed an appeal of the Planning Commission's decision to the Richland County Court of Common Pleas. After the matter had been briefed by the *Page 6 
parties, the trial court issued its decision upholding the Planning Commission's denial of Appellant's appeal. It is from this decision Appellant now appeals.
 {¶ 13} In Appellant's pro se brief, he raises three lengthy Assignments of Error, which include his arguments on appeal and references to the underlying record. Appellant then summarizes his arguments in three succinct Statements of the Issues. Appellee addressed these Statements of the Issues in its responsive brief and we will do the same. Appellant raises three Assignments of Error:
 {¶ 14} "I. DID THE COMMISSION FAIL TO ACT UPON AND ACCEPT THE ACTIONS REQUIRED OF THE APPELLANT, THUS FAILING TO COMPLY WITH THEIR OWN REQUIREMENTS, INVALIDATING THE APPELLANT'S EFFORTS TO COMPLY WITH THE ORDERS?
 {¶ 15} "II. DID THE COMMISSION EMPLOY SELECTIVE ENFORCEMENT, ACTING IN AN ARBITRARY AND CAPRICIOUS WAY IN THE APPLICATION AND ENFORCEMENT OF THEIR ORDERS?
 {¶ 16} "III. DID THE COMMISSION APPLY INAPPROPRIATE ORDERS AND REQUIREMENTS BASED UPON INACCURATE AND ERRONEOUS ASSUMPTIONS?"
 STANDARD OF REVIEW {¶ 17} R.C. 2506.04 sets forth the applicable standard of review for a court of common pleas to review an administrative appeal:
 {¶ 18} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. *Page 7 
Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."
 {¶ 19} In Henley v. Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142,147, 735 N.E.2d 433, the Ohio Supreme Court stated: "[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. (Citation omitted)." Pataskala Banking Co. v. Etna Tp. Bd. of ZoningAppeals, Licking App. Nos. 07-CA-116, 07-CA-117, 07-CA-118,2008-Ohio-2770, ¶ 13.
 {¶ 20} This Court's standard of review of a R.C. 2506.04 appeal is "more limited in scope." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34,465 N.E.2d 848. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. Within the ambit of `questions of law' for appellate court review would be abuse of discretion by the common pleas *Page 8 
court." Id. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so."Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 261, 533 N.E.2d 264.
 {¶ 21} In Appellant's first Assignment of Error, he maintains the trial court erred in approving the decision of the Planning Commission when the evidence demonstrated the Planning Commission failed to acknowledge Appellant's compliance with the Planning Commission's directives when it denied Appellant's appeal on August 14, 2007. We disagree.
 {¶ 22} As stated above, the appellate court has a limited scope of review that is directed to questions of law. Henley,90 Ohio St.3d at 147, 735 N.E.2d 433, quoting Kisil, 12 Ohio St.3d at 34, 465 N.E.2d 848. Based on this limited scope of review, we must affirm the trial court's judgment unless the decision "is not supported by a preponderance of reliable, probative and substantial evidence." Kisil,12 Ohio St.3d at 34, 465 N.E.2d 848. In making this determination, this court applies an abuse-of-discretion standard. Copley Twp. Bd. of Trustees v.Lorenzetti (2001), 146 Ohio App.3d 450, 454, 766 N.E.2d 1022. An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. *Page 9 
 {¶ 23} The evidence presented to the trial court in this matter demonstrates the Planning Commission reviewed the status of Appellant's compliance with the January 8, 2007 order at seven Planning Commission meetings from January 23, 2007 to August 14, 2007. At each meeting, the Housing Supervisor provided current photographs of the property. Appellant or his wife was present at the hearings to present testimony regarding their actions taken to comply with the January 8, 2007 order. The January 8, 2007 order required Appellant to comply with the terms of the order within six months of its issuance as to the fencing and paving. The Planning Commission granted Appellant thirty-day extensions to comply with the order to remove the accumulation of junk, trash and litter within seven days. Upon the termination of the six-month period, evidence was presented that regardless of Appellant's efforts, Appellant had not fully complied with the Planning Commissions' removal directives.
 {¶ 24} We cannot find, therefore, the trial court abused its discretion in affirming the decision of the Planning Commission to deny Appellant's appeal as the decision was supported by a preponderance of reliable, probative and substantial evidence. Appellant's first Assignment of Error is overruled.
 {¶ 25} Appellant argues in his second Assignment of Error the trial court erred in affirming the decision of the Planning Commission because the decision was based upon selective enforcement of the Mansfield Codified Ordinances. Upon review of the record in this matter, we find this is a new argument that cannot be raised upon appeal. "The fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210 citing State v. *Page 10 Glaros (1960), 170 Ohio St. 471, 166 N.E.2d 379, paragraph one of the syllabus. Appellant had the opportunity to raise this argument at the trial court level through his administrative appeal and did not. As such, this court will not address this argument on appeal.
 {¶ 26} Appellant's second Assignment of Error is overruled.
 {¶ 27} In Appellant's third Assignment of Error, he states the Planning Commission applied inappropriate orders and requirements based upon inaccurate and erroneous assumptions. Appellant argues that the Planning Commission based its decision to overrule Appellant's appeal on the inaccurate categorization of the usage of Appellant's property as a junk yard or salvage yard.
 {¶ 28} At the July 10, 2007 hearing before the Planning Commission, the issue arose as to what business Appellant was operating on the property. The Planning Commission requested the Law Department to research the issue of what was permitted on Appellant's property, a salvage yard or junkyard. At the August 14, 2007 hearing, the Planning Commission relied upon an opinion from the Law Department to determine that Appellant was not authorized to operate a salvage yard due to Appellant's failure to have a proper salvage dealer's license nor was Appellant permitted to operate a junkyard at the property due its location in an I-1 District. In making this determination, the Planning Commission found Appellant was not authorized to have the continued accumulation of junk, trash and litter on the property and was therefore in violation of MCO § 917.01.
 {¶ 29} In Appellant's administrative appeal, Appellant raised the above issue as a due process violation. He argued in his brief before the trial court that the vote taken at *Page 11 
the August 14, 2007 meeting concerned the issue of whether he was operating a business that was allowed by zoning for the property. The vote, he argued, was a violation of his due process rights, because the question of zoning was not part of his original violation.
 {¶ 30} In Appellant's arguments to this Court, Appellant does not appear to base his third Assignment of Error on a violation of his due process rights but rather the Planning Commission's misrepresentation of the usage of the property that held Appellant to a different standard of compliance than what was appropriate. Regardless of Appellant's characterization of the issue, we find the trial court correctly determined the matter when it stated,
 {¶ 31} "[T]here is no indication that the Commission's vote was on a violation pertaining to the legality of Mr. Hogan's business. Instead, the mayor stated that the zoning on the property did not permit any type of business (junkyard or salvage yard) that might account for such an `accumulation' on the property. The appeal concerned this accumulation, as well as the fence and the parking area." (Decision on Administrative Appeal, Sept. 18, 2008).
 {¶ 32} As such, we overrule Appellant's third Assignment of Error. *Page 12 
 {¶ 33} The judgment of the Richland County Court of Common Pleas is affirmed.
Delaney, J., Farmer, P.J., and Edwards, J., concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1