[Cite as *In re A.M.*, 2017-Ohio-7690.]

STATE OF OHIO       )  
                  )ss:  
COUNTY OF SUMMIT   )

IN THE COURT OF APPEALS  
NINTH JUDICIAL DISTRICT

IN RE: A.M.

C.A. No.     28285

APPEAL FROM JUDGMENT  
ENTERED IN THE  
COURT OF COMMON PLEAS  
COUNTY OF SUMMIT, OHIO  
CASE No.    LC 13-02-0045

DECISION AND JOURNAL ENTRY

Dated: September 20, 2017

SCHAFER, Judge.

{¶1} Appellant, A.R. ("Mother"), appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division, that retained the child, A.M., in the legal custody of prior agreed legal custodians. This Court reverses and remands.

I.

{¶2} Mother is the biological mother of A.M., born March 26, 2010.[1] In June 2012, L.P and B.P., friends of Mother, acquired physical possession of the child. Nine months later they filed a private legal custody action in the juvenile court. Based on Mother's assertions at a status hearing that (1) she was unfit to care for the child due to extreme financial hardship, and (2) it was in the child's best interest, the trial court placed the child in the temporary custody of L.P. and B.P. At the hearing on the complaint, Mother agreed that the child should be placed in

---

[1] J.M. was alleged to be the biological father, but there is no evidence in the record that he established paternity. Although he was served and noticed for hearings, he never appeared. He is not a party to this appeal.

the legal custody of L.P. and B.P. The juvenile court found parental unfitness based on Mother's contractual relinquishment of custody, and it awarded legal custody of the child to L.P. and B.P. Mother retained residual parental rights and responsibilities.

{¶3} Seven months later, Mother moved to modify legal custody. At the hearing on the matter, the parties reached an agreement wherein Mother withdrew her motion for legal custody. The parties agreed that A.M. would remain in the legal custody of L.P. and B.P., and that Mother would continue to have visitation with the child.

{¶4} Fourteen months later, Mother again moved for a change of custody. At the hearing on Mother's motion, the magistrate informed the parties that she was bifurcating the hearing in that she would only consider evidence on the threshold issue of whether a change in circumstances of the legal custodians and/or child had occurred since the last custody order. She explained that she would hear evidence regarding the best interest of the child at a later date only if Mother met her threshold burden of demonstrating the requisite change of circumstances.

{¶5} At the conclusion of the hearing, the magistrate granted the parties leave to file post-hearing briefs on the issue of a change in circumstances. Mother argued that (1) the parties' prior agreement that incorporated a requirement that the legal custodians must request a hearing to determine the best interest of the child, should they plan to move out of Summit County, presupposed that such a move constituted the requisite change in circumstances; and (2) if the moving party must nevertheless present evidence establishing a change in circumstances, Mother had met her burden. The legal custodians responded that Mother failed to present evidence of a substantial and adverse change in circumstances. Mother replied, arguing that the requisite change in circumstances need not be adverse. Subsequently, the magistrate found that Mother had not established the threshold issue that there was any change of substance in the

circumstances of the child and/or legal custodians. The magistrate denied Mother's motion to modify legal custody, ordered that the child remain in the legal custody of the current custodians, and cancelled the hearing on best interest of the child.

{¶6} Mother filed timely objections, raising the same arguments as those in her post-hearing brief. The legal custodians responded in opposition. The juvenile court overruled Mother's objections. Relying on *In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, the trial court concluded that R.C. 3109.04(E)(1)(a) governed the modification, and that bifurcation was not inappropriate because the establishment of a change in circumstances was a threshold issue to be determined pursuant to that statutory provision. The juvenile court found that Mother had not presented evidence demonstrating a consequential change in circumstances, overruled the objections, and retained the child in the legal custody of L.P. and B.P. Mother filed a timely appeal, raising two assignments of error for review. This Court addresses the second assignment of error first, as it is dispositive of the appeal.

II.

**Assignment of Error II**

**The Trial Court denied Mother due process of law by bifurcating the Trial and requiring her to prove a change of circumstances before considering whether it was in the minor child's best interest that custody be returned to her.**

{¶7} Mother argues that the juvenile court erred by requiring her, as a threshold matter, to prove that there had been a change of substance in the circumstances of the child and/or the legal custodians before it would consider whether a return of custody to Mother was in the child's best interest. This Court agrees.

{¶8} Although Mother raises issues implicating due process (arguing she had no notice prior to hearing that the sole issue before the court related to a change in circumstances), and

waiver (arguing the parties' prior agreed entry relating to custody incorporated a provision vitiating the requirement to prove a change in circumstances where the legal custodians intended to relocate to another county), this Court is compelled to reverse on different grounds. Specifically, because the juvenile court applied the incorrect legal standard to determine whether a return of legal custody to Mother was warranted, we reverse and remand the matter for further proceedings. *See In re I.S.*, 9th Dist. Summit No. 24763, 2009-Ohio-6432, ¶ 1 (irrespective of the appellant's argument, reversing and remanding for a new hearing "because the parties and the trial court focused on the wrong legal standard throughout the proceedings in the trial court."). As we further clarified, "[i]f it is obvious that a trial court applied the wrong legal standard to the evidence before it, this Court must reverse and remand for the trial court to apply the appropriate legal standard in the first instance." *Id.* at ¶ 8, citing *Copley Twp. Bd. of Trustees v. Lorenzetti*, 146 Ohio App.3d 450, 2001-Ohio-1662, ¶ 20 (9th Dist.).

{¶9} The juvenile court purported to use the standard set forth in R.C. 3109.04(E)(1)(a) relevant to a modification of a prior decree allocating parental rights and responsibilities. That provision provides, in relevant part:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

R.C. 3109.04(E)(1)(a). This provision further favors "retain[ing] the residential parent designated by the prior decree" unless certain other factors exist. *Id.*

{¶10} In considering Mother's motion to modify legal custody, the juvenile court as a practical matter applied the standard set forth in R.C. 2151.42(B), which is applicable in cases

where a child who was previously adjudicated dependent, neglected, or abused was placed in the legal custody of some individual(s). That provision states, in relevant part:

> A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child.

R.C. 2151.42(B). Both R.C. 3109.04(E)(1)(a) and R.C. 2151.42(B) require the moving party to demonstrate a change in circumstances as a threshold matter.

{¶11} The juvenile court relied on *In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, for the proposition that it must first determine whether a change in circumstances has occurred before considering whether a modification of legal custody is in the best interest of the child. *In re James*, however, is distinguishable in its procedural posture, and provides no authority for requiring a parent to demonstrate a change in circumstances of the child or legal custodian as a prerequisite to regaining legal custody in a private custody matter.

{¶12} *In re James* involved a child whom the juvenile court had adjudicated dependent and abused based on allegations by a public child welfare agency. *Id.* at ¶ 5. Grandparents were awarded legal custody. Some years later, the parents moved for a return of legal custody, which the trial court granted. The appellate court affirmed, holding that the requirement, pursuant to R.C. 3109.04(E)(1)(a), to establish a change of circumstances for the child or legal custodian was unconstitutional as applied to parents, as an infringement upon their fundamental right to raise their children. *In re James*, 163 Ohio App.3d 442, 2005-Ohio-4847, ¶ 19 (1st Dist.). The appellate court held that the only consideration in determining whether to return a child to a parent's custody is the best interest of the child. *Id*.

**{¶13}** The Supreme Court of Ohio reversed, addressing the constitutionality of R.C. 3109.04(E)(1)(a) which had been applied below in the case, and the very narrow issue:

> whether a trial court, when modifying a prior decree allocating parental rights and responsibilities for the care of children, should consider only whether the modification is necessary to serve the best interest of the child, or whether the trial court has an obligation to adhere to the conjunctive statutory requirements to find both a change in the circumstances of the child, the residential parent, or either of the parents subject to a shared-parenting decree, and that the modification is necessary to serve the best interest of the child.

*In re James*, 2007-Ohio-2335, at ¶ 9. The majority acknowledged the concerns of the three dissenting members of the high court who wrote that R.C. 3109.04(E) was not applicable to this custody dispute. The majority explained: "We have used R.C. 3109.04(E)(1)(a) because the constitutional challenge before us arose from that statute and from the appellate court's analysis and conclusion." 2007-Ohio-2335, at ¶ 24. It then compared R.C. 2151.42(B), the language of which asserts that awards of legal custody where a child has been adjudicated dependent, neglected, or abused are intended to be permanent, while any modification requires a demonstration of a change in circumstances. *Id*. at ¶ 26. The majority concluded that this statute, which this Court would conclude was in fact applicable to the custody dispute in *In re James*, "is more compelling on the issue of permanency than is R.C. 3109.04(E)(1)[.]" *Id*.

**{¶14}** In the instant case, no public or private child welfare agency filed a complaint alleging that A.M. was a dependent, neglected, or abused child. Instead, this was a private legal custody action, and the child was never adjudicated dependent, neglected, or abused. Accordingly, R.C. 2151.42(B) by its plain language is not applicable to a modification of legal custody under these circumstances. Moreover, this case does not involve a modification of parental rights and responsibilities as contemplated by R.C. 3109.04(E)(1), because the dispute is not between a residential and nonresidential parent, or parents subject to a shared parenting

decree. Rather, the dispute is between a parent and third parties who hold legal custody, in this case by prior agreement of the parties. That the parties below and the trial court improvidently acquiesced in the application of R.C. 3109.04(E)(1)(a) does not require this Court to follow suit. *See In re I.S.*, 2009-Ohio-6432, at ¶ 8.

{¶15} The Supreme Court of Ohio wrote that child custody disputes fall under either R.C. 3109.04 or R.C. 2151.23, depending on the circumstances. *In re Hockstock*, 98 Ohio St.3d 238, 2002-Ohio-7208, ¶13. Moreover, within this statutory framework, "the overriding principle in custody cases between a parent and nonparent is that natural parents have a fundamental liberty interest in the care, custody, and management of their children." *Id.* at ¶ 16, citing *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *In re Murray*, 52 Ohio St.3d 155, 157 (1990). This Court, too, recognizes the significant rights at stake in this case:

> Constitutional substantive due process "'provides heightened protection against government interference with certain fundamental rights and liberty interests.'" *Troxel v. Granville*, 530 U.S. 57, 65 (2000), quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). It is well established that a parent's interest in the care, custody, and control of his or her child "is perhaps the oldest of the fundamental liberty interests recognized * * *." *Troxel*, 530 U.S. at 65.

*In re G.S.*, 9th Dist. Summit No. 28050, 2016-Ohio-7471, ¶ 13.

{¶16} Mother contractually relinquished custody of the child in this case by entering into an agreement whereby L.P. and B.P. would attain legal custody. Contractual relinquishment of this type is adequate to support a finding of parental unsuitability. *In re Hockstock* at ¶ 17. Even so, "[a]lthough a parent has been adjudged unsuitable, such a determination 'does not, however, permanently foreclose the right of either parent to regain custody, because it is not a termination of all residual parental rights, privileges, and responsibilities[.]'" *In re G.S.* at ¶ 17, quoting *In re C.R.*, 108 Ohio St.3d 369, 2006-Ohio-1191, ¶ 23.

{**¶17**}  This Court concludes that, within the circumstances and procedural posture of this case, in considering Mother's motion to modify legal custody, the juvenile court should have only considered whether such a modification was in the best interest of the child.  Accordingly, we would analyze this matter within the context of R.C. 2151.23.  In so concluding, we are persuaded by the reasoning of the Fifth District Court of Appeals.  Our sister court has written:

> R.C. 2151.23(A)(2) clearly grants specific statutory authority to the juvenile court to determine custody issues of a parent vis-à-vis a non-parent.  Once the juvenile court has exercised jurisdiction over a child, the court has continuing jurisdiction to determine what is in the best interests of the child.  As a result, a change of circumstances is not a prerequisite to the resumption of the juvenile court's jurisdiction.  Furthermore, the philosophy of requiring a change of circumstances in divorce custody issues is based upon the presumption that parents are equals and must be treated as such.  In a juvenile proceeding where the parties are not on equal footing, the change of circumstances standard is not applicable.

*In re E.Z.H.*, 5th Dist. Holmes No. 12CA0015, 2013-Ohio-3494, ¶ 18, quoting *Culp v. Burkhart*, 5th Dist. Tuscarawas No. 04AP010006, 2004-Ohio-4425, ¶ 9.

{**¶18**}  Our conclusion is bolstered by the Supreme Court of Ohio's recognition that R.C. Chapter 2151 provides for flexibility in child custody cases, eschewing the general rule that "permanency of final orders is a paramount principle[.]"  *In re Hockstock*, 2002-Ohio-7208, at ¶ 35.  The high court reasoned:

> Such flexibility is codified in R.C. 2151.011(B)[(22)], which defines the term "legal custody" as "a legal status that vests in the custodian the right to have physical care and control of the child * * * *subject to any residual parental rights, privileges, and responsibilities.*"  (Emphasis added.)  This definition of legal custody is statutory codification of the principle that in child custody, permanency of final orders is not always of the highest priority."

*Id.* at ¶ 35.

{**¶19**}  This Court acknowledges that the primary issue in *Hockstock* was whether the trial court could make an initial award of legal custody to a nonparent without first making a finding of parental unsuitability.  The high court concluded that the trial court could not.  *Id.* at

syllabus. However, recognizing the potential burden on the trial court arising out of parents' petitions for new suitability determinations, the *Hockstock* court clarified:

> [O]ur holding in this case does not change the well-established rule * * *[2] that after the legal custody determination is made, the best-interest-of-the-child standard should be used for any custody modification petitions filed by a natural parent. A parent should be given only one unsuitability determination, which should come at the time of the legal custody hearing. After such a determination has established, or taken away, a parent's fundamental custodial rights, the focus must shift from the rights of the parents to the rights of the child. A child's rights are effectuated through the use of the best-interest-of-the-child standard for subsequent custodial modification requests.

2002-Ohio-7208, at ¶ 38.

{¶20} The juvenile court in the instant case required Mother to establish as a threshold matter that there had been a change of substance in the circumstances of the child and/or legal custodians before it would consider whether a modification of legal custody was in the best interest of the child. Irrespective of whether the juvenile court applied the standard in R.C. 3109.04(E)(1)(a) or R.C. 2151.42(B), neither is applicable to this situation, as both require a threshold determination of whether a change in circumstances has occurred. This Court concludes that such a requirement places too high a burden on a parent whose child has not been adjudicated dependent, neglected, or abused; or who does not seek to disrupt a child from the custody of the other parent, where the two are on equal footing. Application of the best interest of the child standard to a modification of legal custody case initiated by a parent against a

---

[2] The high court cited to R.C. 3109.04(B)(1), as that case originated in the domestic relations court, rather than the juvenile court. R.C. 2151.23(F)(1) directs the juvenile court to "exercise its jurisdiction in child custody matters in accordance with [R.C.] 3109.04 * * *." The general directive in R.C. 3109.04(B)(1) to consider the best interest of the child in determining whether to modify a prior custody order comports with a major purpose of R.C. Chapter 2151, this is, "[t]o provide for the care, protection, and mental and physical development of children subject to [this chapter], whenever possible, in a family environment, *separating the child from the child's parents only when necessary for the child's welfare or in the interest of public safety*[.]" (Emphasis added.) R.C. 2151.01(A).

nonparent legal custodian, under these circumstances, serves to protect the welfare of the child, while recognizing a parent's ongoing fundamental rights. As the juvenile court imposed an additional burden on Mother, and declined to consider the best interest of the child upon finding that Mother did not meet that additional burden, we remand the matter to the trial court for reconsideration of Mother's motion to modify legal custody, in consideration of whether or not modification would be in the best interest of the child.

{¶21} As the juvenile court failed to apply the correct legal standard to Mother's motion to modify legal custody, her second assignment of error is sustained.

**Assignment of Error I**

**The Trial Court abused its discretion in failing to find a change of circumstances warranting a Trial to consider modification of legal custody of the minor child.**

{¶22} Mother argues that the juvenile court erred by failing to find a change in circumstances warranting its further consideration of whether a modification of legal custody was in the child's best interest. Based on our resolution of the second assignment of error, the first assignment of error has been rendered moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

### III.

{¶23} Mother's second assignment of error is sustained. This Court declines to address the first assignment of error. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, J.
CONCURS.

HENSAL, P. J.
DISSENTING.

**{¶24}** I respectfully dissent as to the majority's resolution of the second assignment of error. There is an ongoing lack of clarity in the law regarding the applicable standard when a parent seeks to regain legal custody from a nonparent legal custodian. *See, e.g., Polhamus v. Robinson*, 3d Dist. Logan No. 8-16-11, 2017-Ohio-39 (recognizing a three-way private shared custody agreement and requiring a parent to show a change of circumstances and best interest

before modifying legal custody, relying on the test applicable in cases where the child has been adjudicated dependent, neglected, or abused). The issue warrants consideration by the legislature, particularly as there is no clear statutory guidance for the courts when considering whether to modify legal custody as between a parent and a non-parent in a private custody case. Under the facts of this case, I would not find that it was error for the juvenile court to consider, as a threshold matter, whether Mother had demonstrated a change in the circumstances of the child or the legal custodians.

{¶25} As to the merits of Mother's due process argument, I would conclude that she did not preserve the issue for appellate review. She failed to object below, and merely sought, and was given, the opportunity to reorder her witnesses at the hearing. Accordingly, I would overrule the second assignment of error.

{¶26} As to Mother's first assignment of error which the majority declined to address as moot, I would overrule that assignment of error. Based on a review of the record, I would conclude that the juvenile court did not abuse its discretion when it found no change of circumstances warranting a modification of legal custody.

APPEARANCES:

ROBERT ROE FOX, Attorney at Law, for Appellant.

HOLLY KEHRES FARAH, Attorney at Law, for Appellee.